UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOAQUIN MORETA-RODRIGUEZ, | ) | JUDGE PETER C. ECONOMUS |
|  | ) |  |
|  | ) | CASE NO. 4:08CV2707 |
| Petitioner, | ) |  |
|  | ) |  |
| -vs- | ) |  |
|  | ) |  |
| JOSEPH E. GUNJA, WARDEN, | ) | MEMORANDUM OF OPINION |
|  | ) | AND ORDER |
|  | ) |  |
| Respondent. | ) |  |

Pro se petitioner Joaquin Moreta-Rodriguez, who is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He brings this action against the warden at N.E.O.C.C., Joseph E. Gunja.  Mr. Moreta-Rodriguez seeks an order expunging an Incident Report issued against him, as well as the restoration of 27 days Good Conduct Time (GCT) allegedly taken in violation of his right to due process.

BACKGROUND

The facts are contained in two paragraphs which are ten sentences long. An incident report was issued on April 15, 2008 charging petitioner with engaging in a group demonstration, in violation of Code 212. Mr. Moreta-Rodriguez simply argues the disciplinary conviction was "illegal" because it violated the Due Process Clause. Moreover, he claims the whole process was "infected by the presence of a Disciplinary Hearing Officer who was acting contrary to well recognized federal law and contrary to the letter and spirit of the contract vested on CCA-N.E.O.C.C. by the almighty United States Federal Government." (Pet. at 3.)

The attachments reveal petitioner appealed the DHO's decision on July 20, 2008. On appeal, he maintained there was a conflict of interest because the DHO was also a member of the Unit Disciplinary Committee (UDC). The Privatization Management Branch Administrator, James E. Burrell, denied petitioner's appeal. Mr. Burrell stated there was sufficient evidence to convict petitioner and the UDC coordinator and DHO were completely different people; thus, contrary to petitioner's claim, no conflict existed. A final appeal was filed to the National Inmate Appeals Administrator, Harrell Watts, who denied petitioner's claims on October 23, 2008.

ANALYSIS

Petitioner now argues his conviction for engaging in a group demonstration belies common sense. He maintains,"[i]n order to engage in a group demonstration" more than one person must be involved. The prison records are allegedly devoid of any evidence demonstrating petitioner agreed to start a food strike with other prisoners

Attacking the hearing before the DHO, Mr. Moreta-Rodriguez asserts the DHO never provided names of other prisoners who were allegedly involved in the group demonstration. Citing Richards v. Dretke, 394 F.3d 291,294 (5th Cir. 2004)(quoting Wolff v. McDonnell, 418 U.S. 539

(1974), he argues this information is critical to "convict under BOP code 212 because evidence establishing an agreement with another inmate(s) is necessary to sustain such a conviction." (Pet. at 4.)

Finally, petitioner claims the DHO was not authorized to conduct a disciplinary hearing and acted in "blatant violation of the contract vested on CCA-N.E.O.C.C." (Pet. at 6.) He points to an unnamed Bureau of Prisons (BOP) regulation to declare "[t]he BOP does not permit employess [sic] of prison facilities to serve as DHO at the same facility." (Pet. at 6.) Petitioner does cite 28 C.F.R. §541.16(b) for the proposition that it mandates the necessity for "an impartial DHO." Further citing Barry v. Whalen, 796 F. Supp. 885, 893 (ED Va. 1992) and Velma v. Amback, 714 F. Supp. 1276, 1281 (ND N.Y. 1989), Mr. Moreta-Rodriguez claims a DHO cannot settle disputes at an institution where he or she is employed.

Petitioner argues the DHO is mandated to ensure N.E.O.C.C. operates in a manner consistent with BOP mission. In his case, Mr. Moreta-Rodriguez claims the DHO "acted in total and complete contravention and in stark contradiction with the contract." (Pet. at 6.) He refers to a "Statement of Work," which "mandates that BOP will certified [sic] and trained a DHO at CCA-N.E.O.C.C. facility." (Pet. at 6.) Petitioner concludes the DHO did not have "authorization for the U.S. Federal Government [and][t]herefore, all DHO decisions are nothing but a 'nullity.'" (Pet. at 6.)

*28 U.S.C. § 2241*

Prisoners seeking to challenge the execution or manner in which their sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925

F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Here, the petitioner, who is in the custody of Warden Joseph Gunja, seeks expungement of an incident report and the restoration of GCT to his sentence. Thus he has properly asserted his claims under § 2241. The court will first address, on the merits, those claims petitioner fully exhausted. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief).

*Due Process*

The court construes Mr. Moreta-Rodriguez's due process claim to be an assertion he was denied procedural due process. The due process required by the U.S. Constitution for prisoners facing disciplinary action has been delineated by the Supreme Court in a few well-known opinions. The Court has explained that when a prisoner is faced with the loss of good-conduct time or a penalty which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,"only then is he entitled to certain due process protections. Sandin v. Conner, 515 U.S. 472, 484 (1995).

The requirements of due process are satisfied if "there was some evidence from which the conclusion of the administrative tribunal could be deduced....". United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S.103, 106 (1927). The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Moreover, the revocation of good time credits is not comparable to a criminal conviction, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and neither the amount of evidence necessary to support such a conviction, see Jackson v. Virginia, 443 U.S. 307 (1979), nor any other standard greater than "some evidence" applies in this context. Superintendent,

4

Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 456 (1985). The Court requires prisoners facing a loss of good-time credits be given (1) advance written notice of the disciplinary charges, (2) an opportunity to present witness testimony and other evidence when such allowance is consistent with safety and correctional goals, and (3) a written statement of reasons for the disciplinary action taken. Id. at 454.

A review of petitioner's incident report reveals that on April 15, 2008, Mr. Moreta-Rodriguez's telephone conversation was monitored and translated by the telephone monitoring officer.  The officer, who is fluent is Spanish, verified that the PIN number used to place the call belonged to petitioner.  During the course of petitioner's conversation, he discussed organizing a food strike involving other inmates.  While he denied this and claimed he was discussing a strike in his country and not at the institution, the officer noted petitioner repeatedly referred to inmates during his telephone conversation.

The incident report was issued on May 13, 2008.  Petitioner was provided a copy of the report on the same date it was issued.  He was advised of his due process rights on May 15, 2008 by Case Manager N. Grant.  A DHO hearing was held on June 30, 2008.  Petitioner waived his right to staff representation and denied the charge.  No witnesses were called by Mr. Moreta-Rodriguez. He claimed there was a misunderstanding on the part of the officer who was listening in and translating his conversation.  Explaining there was a strike going on in his country, Dominican Republic, petitioner claimed that was the strike to which he was referring.

On its face, the petition fails to allege the denial of a right to due process.  There is no dispute  Mr. Martinez-Rodriguez received advance written notice of the charges filed against him.  He was not denied the right to call witnesses and, while he complains he had to request a

5

signed copy of the DHO's decision, there is no dispute that he received a copy of the DHO's decision.

Ascertaining whether the "some evidence" standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. The Sixth Circuit has indicated that "[n]ot much evidence is required to support the action of a prison disciplinary board." Williams v. Bass, 63 F.3d 483, 486 (6th Cir.1995). Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See Wolff, 418 U.S. at 556; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (8th Cir. 1974).

There is no allegation the DHO did anything other than weigh the evidence provided and find a prohibited act was committed as charged. It is not the role of the court to weigh the credibility of the evidence under scrutiny. Even if Mr. Moreta-Rodriguez does not agree with these findings, there is some evidence that he discussed the organization of a food strike on the telephone. The officer intercepting his conversation was fluent in Spanish and clearly heard him discussing other inmates regarding the strike. Because the DHO's decision is supported by "some evidence" in the record, Mr. Moreta-Rodriguez's due process rights were not violated.

## FAILURE TO EXHAUST

Petitioner's claims that the DHO was not authorized to conduct a disciplinary hearing and acted in "blatant violation of the contract vested on CCA-N.E.O.C.C.," were not raised during his administrative exhaustion process. Therefore, the court will dismiss those claims without prejudice for failing to exhaust administrative remedies.

CONCLUSION

Based on the foregoing, petitioner's due process claim regarding the sufficiency of evidence is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

<u>S/Peter C. Economus - 3/2/09</u>
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE